UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KRAJISNIK SOCCER CLUB, INC.,

                              Plaintiff,

     -against-                                      6:20-CV-1140 (LEK/TWD)

KRAJISNIK FOOTBALL CLUB, INC.,
*et al.*,

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

        Plaintiff Krajisnik Soccer Club, Inc. (the "Soccer Club") brings this action against defendants Krajisnik Football Club, Inc. (the "Football Club"), Anel Pajazetovic, and Rezija Pajazetovic under the Lanham Act and related state law seeking injunctive relief, compensatory damages, consequential damages, punitive damages, attorneys' fees and costs, and trademark cancellation. Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dkt. Nos. 8 ("Motion to Dismiss"); 8-1 ("Defendants' Memorandum of Law"); 12 ("Opposition"); 13 ("Reply"). Defendants ask the Court to abstain pending the outcome of Plaintiff's state court action. Defs.' Mem. of Law at 5. For the reasons that follow, Defendants' motion is denied.

**II.    BACKGROUND**

        **A. Factual Allegations**

        The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

The Soccer Club is a not-for-profit corporation with its principal place of business at 58 Pond Lane, Utica, New York 13501. Compl. at 1. The Football Club is also a not-for-profit corporation with its principal place of business at 1005 Seymour Avenue, Utica, New York, 13501. Id at 2.

Since the Soccer Club's inception in 1997, it has used the trade name "Krajisnik Soccer Club" and a distinctive logo with the Soccer Club's name styled across it. Id. at 4. In late 2016, Anel Pajazetovic became president of the Soccer Club, and his mother, Rezija Pajazetovic, became secretary. Id. at 3. At some point, Anel Pajazetovic and Rezija Pajazetovic started the Football Club. Id. at 3, 5. Shortly after the incorporation of the Football Club, Defendants registered a trademark of their logo with the United States Patent and Trademark Office. Id. at 5. Plaintiff alleges that Defendants have infringed upon its rights to the logo and have been using the logo "to trade on the goodwill of the Soccer Club." Id. at 7.

**B. Procedural History**

Sometime in 2019, a case in New York State court was brought between the parties based on the trademark in issue. Defs.' Mem. of Law at 8. In the state action, Plaintiff brought forward claims based on New York State statutes and common law. Id. at 6. After fifteen months, Plaintiff brought this action under the federal Lanham Act and state law. See generally Compl.

### III. LEGAL STANDARD

Colorado River gives district courts discretion to abstain from parallel litigation in "'exceptional circumstances,' where the resolution of existing concurrent state-court litigation could result in 'comprehensive disposition of litigation.'" Woodford v. Cmty. Action Agency of Greene County, 239 F.3d 517, 522 (2d Cir. 2001) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817 (1976)). "Federal and state proceedings are parallel for

2

purposes of abstention when the two proceedings are 'essentially the same'—when there is an identity of parties, and the issues and relief sought are the same." U.S. Bank Nat'l Ass'n v. East Fordham DE LLC, 804 F. App'x. 106, 107, (2d Cir. 2020) (summary order) (citing Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997)).

Once an action has been found to be parallel, the district court must analyze six factors to decide whether the court should abstain. See DDR Constr. Servs. v. Siemens Indus., 770 F. Supp. 2d 627, 644 (S.D.N.Y. 2011). The factors are:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

Allstate Ins. Co. v. Elzanaty, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013) (citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818–19 (citations omitted).

"A motion to dismiss based on the Colorado River abstention doctrine is assessed under the same standard as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). This standard is essentially identical to the Fed. R. Civ. P. 12(b)(6) standard . . . under which the court must constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor[.]'" Windward Bora, LLC v. Bank of N.Y. Mellon, No. 19-CV-858, 2020 U.S. Dist. LEXIS 223692, at *5 (E.D.N.Y. Nov. 30, 2020) (internal quotation marks omitted). The

3

court need not accept as true legal conclusions found in a complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "[T]he court may take judicial notice of documents in the public record, including state court filings." Windward Bora, 2020 U.S. Dist. LEXIS 223692, at *6 (citing Blue Tree Hotels Inv. (Canada), Ltd., v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004)).

### IV. DISCUSSION

For the reasons that follow, the Court finds that, despite the two actions being parallel, Colorado River abstention is not appropriate primarily because the parallel state action is still in its early stages and because the Lanham Act claims involve federal subject matter. The Court therefore denies Defendants' Motion to Dismiss.

**A. Parallelism**

The state court action involves the following claims: "Trademark Infringement under New York Common Law; Trademark Dilution under N.Y. Gen. Bus. L. § 360-L; Unfair Competition under New York Common Law; Declaratory Judgment under NY CPLR § 3001; and Conversion." Defs.' Mem. of Law at 6. The Soccer Club has filed the following claims in this court: trademark infringement under the Lanham Act; false or fraudulent trademark registration under the Lanham Act; trademark cancelation under the Lanham Act; trademark infringement under New York Common Law; trademark dilution under N.Y. Gen. Bus. L. §360-1; unfair competition under New York common law; conversion; and breach of fiduciary duty. See Compl.

"Two suits are parallel where the parties are 'substantially the same, litigating substantially the same issues in both actions.'" Windward Bora, 2020 U.S. Dist. LEXIS 223692, at *7 (citing Royal and Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc., 466 F.3d 88, 94 (2d Cir. 2006)). "Accordingly, two actions are parallel when there is a substantial likelihood that the state court litigation will dispose of all of the claims presented in the federal case." Id. at 7 (internal quotation marks and citations omitted).

Here, the federal action is parallel to the state court action. The parties in the instant case are the same parties as in the state action. Additionally, the issue in both cases surrounds the same set of allegations: that Defendants infringed upon Plaintiff's trademark. Defs.' Mem. of Law at 6. While the federal action differs from the state court action in that the Lanham Act is specifically invoked in the federal case, it does not change the fact that the parties are litigating substantially the same issue in both cases. The federal action appears to be "substantially the same" as the state court action. The Court therefore finds the actions parallel to one another.

### B. Exceptional Circumstances

Since the Court has found this action to be parallel to the one in state court, it must analyze the six factors in order to determine whether to abstain. "Where a Colorado River factor is facially neutral, that 'is a basis for retaining jurisdiction, not for yielding it.'" Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 101, (2d Cir. 2012) (citations omitted).

*1. Whether the Controversy Involves a Res Over Which One of the Courts Has Assumed Jurisdiction*

There is no res involved in this issue. This facially neutral factor therefore weighs against abstention.

*2. Whether the Federal Forum is Less Convenient for the Parties*

Neither party indicates that the federal forum is inconvenient. This factor therefore also weighs against abstention. See Vill. Of Westfield v. Welch's, 170 F.3d 116, 122 (2d Cir. 1999) ("[W]here the federal court is just as convenient as the state court, that factor favors retention of the case in federal court.") (internal quotation marks omitted).

*3. Whether Staying or Dismissing the Federal Action Will Avoid Piecemeal Litigation*

One of the "overriding concerns expressed in *Colorado River* . . . and subsequent Second Circuit cases [is] the avoidance of piecemeal or purely duplicative litigation and the concomitant waste of judicial resources." Inn Chu Trading Co. v. Sara Lee Corp., 810 F. Supp. 501, 508 (S.D.N.Y. 1992); see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983) (discussing the importance of avoiding piecemeal adjudication). As discussed in Niagara Mohawk Power Corp., this factor weighs in favor of abstention when not staying or dismissing the federal action will lead to inconsistent outcomes not preventable by principles of res judicata and collateral estoppel. 673 F.3d at 101–02. Although important, this factor does not outweigh the other Colorado River factors. Id.

Here, Defendants argue that the federal action is purely duplicative of the state action. Defs.' Mem. of Law at 7–8. However, this alone is not enough to weigh in favor of abstention and Defendants do not argue that these two actions may lead to inconsistent outcomes. See Dalzell Management Co., Inc. v. Bardonia Plaza, LLC, 923 F. Supp. 2d 590, 599–600 (S.D.N.Y. 2013) (noting that some level of duplication is always present in parallel litigations and more is needed to determine whether abstention is appropriate).

Plaintiff instead argues that abstention could create piecemeal litigation. See Opp'n at 16–17. Specifically, Plaintiff asserts that if the Court does not abstain and the federal action resolves first, the findings by the Court on Plaintiff's federal and state claims would preclude similar claims from being litigated in state court. Conversely, if the Court does abstain, Plaintiff may still need to litigate its Lanham Act claims in federal court.[1] Even if this is true, it is speculative to assume Plaintiff's action in this Court will resolve first because both the state and federal actions are in their early stages of litigation. See infra Part IV(B)(4). Furthermore, if the state action resolves first and reaches the merits of Plaintiff's Lanham Act claims, it will preclude similar claims from being litigated in this Court. For these reasons, the Court will weigh this factor neutrally and against abstention. See Niagara Mohawk Power Corp., 673 F.3d at 101 ("Where a Colorado River factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it.") (internal quotation marks omitted).

    *4. The Order in Which the Actions were Filed and Whether Proceedings have Advanced More in One Forum Than the Other*

The record is unclear as to when the state court action was initiated. Defendants assert that the state court proceeding was initiated fifteen months prior to the federal action. Defs.' Mem. of Law at 8. Plaintiff claims that the state court action was initiated nine months prior to the federal action. Opp'n at 11. While the fact that the state court obtained jurisdiction first weighs in favor of abstention, the more important factor is the progress made in each of the two courts. See Moses H. Cone Mem'l Hosp., 460 U.S. at 21 ("Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."); see also Niagara Mohawk Power Corp. 673 F.3d at 102

---

[1] As discussed infra, state courts may hear federal Lanham Act claims, however, there is no New York case law reaching the issue of trademark cancelation under the Lanham Act.

("Whatever the cause of these delays, it cannot be said that the order in which the federal court obtained its jurisdiction should weigh heavily in favor of abstention . . . ."). The parallel state action is still in its early stages, with no discovery or depositions having taken place. See Dkt. Nos. 18 ("Plaintiff's Supplemental Brief") at 4–5; 19 ("Defendants' Supplemental Brief") at 1. The federal action is also in its early stages. See Docket. Thus, although the state action was filed earlier than the federal action, because both actions are in their early stages, the Court will weigh this factor neutrally and against abstention. See Niagara Mohawk Power Corp., 673 F.3d at 101 ("Where a Colorado River factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it.") (internal quotation marks omitted).

     5. *Whether State or Federal Law Supplies the Rule of Decision*

"'When the applicable substantive law is federal, abstention is disfavored,' and, indeed, even 'the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex.'" Niagara Mohawk Power Corp. 673 F.3d at 102 (citing Vill. of Westfield v. Welch's, 170 F.3d 116, 123–24 (2d Cir. 1999). "'[A]lthough in some rare circumstances the presence of state-law issues may weigh in favor of' a federal court's surrender of its jurisdiction, 'the presence of federal-law issues must always be a major consideration weighing against surrender.'" Niagara Mohawk Power Corp. 673 F.3d at 103 (citing Moses H. Cone, 460 U.S. at 25).

The Lanham Act is federal law. In their Motion to Dismiss, Defendants assert that "[t]he Soccer Club's federal claim and state law counterclaims seek the same relief, and address the same allegations, essentially that the [Football Club] has infringed on the Soccer Club's common-law trademark, which can be easily resolved in state court." Defs.' Mem. of Law at 8. Put simply, this is not what this factor asks. Rather, the Court must weigh whether there is a

8

federal issue at hand, and whether there is any novel or complex issue of state law. See Niagara Mohawk Power Corp., 673 F.3d 84 at 102 (citing Vill. of Westfield v. Welch's, 170 F.3d at 123–24). Since there is a federal issue at hand here and the state law issues are not novel or complex, the Court weighs this factor against abstention.

> *6. Whether the State Court will Adequately Protect the Rights of the Party Seeking to Invoke Federal Jurisdiction*

Under the Lanham Act, "the court may . . . order the cancelation of registrations . . . ." 15 U.S.C. § 1119. In addition, state courts have concurrent jurisdiction to hear Lanham Act claims. See, e.g., Sears, Roebuck & Co. v. Sears Realty Co., 932 F. Supp. 392, 400 (N.D.N.Y. July 22, 1996) ("[C]ongress did not provide exclusive jurisdiction to federal courts to hear claims brought under the Lanham Act; state courts have concurrent jurisdiction to hear Lanham Act claims."). As Plaintiff notes, Opp'n at 9–11, and the Court agrees, there is a lack of New York case law canceling trademarks pursuant to the Lanham Act. However, other state courts have canceled a trademark pursuant to the Lanham Act. See, e.g., Duggan's Funeral Serv. v. Duggan's Serra Mortuary, 80 Cal. App. 4th 151, 157–158 (1st Cal. Ct. App. 2000) (affirming a state trial court's cancelation of a trademark).

Because a state court can hear Plaintiff's Lanham Act claim and adequately protect Plaintiff's rights, this factor favors abstention. Despite this, after weighing all six Colorado River factors, the Court determines that it will not abstain and denies Defendants' Motion to Dismiss.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 8) is **DENIED in its entirety**; and it is further

9

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 26, 2021
         Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge